NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOOTHILL CHURCH, a California Non-Profit Corporation; et al.,

Plaintiffs-Appellants,

v.

MARY WATANABE*, in her official capacity as Director of the California Department of Managed Health Care,

Defendant-Appellee.

No.   19-15658

D.C. No.
2:15-cv-02165-KJM-EFB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted November 20, 2020
Submission Vacated November 24, 2020
Resubmitted July 19, 2021
San Francisco, California

Before:  NGUYEN, HURWITZ, and BRESS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BRESS

---

*       Mary Watanabe is substituted for her predecessor, Michelle Rouillard, as Director of the California Department of Managed Health Care. Fed. R. App. P. 43(c)(2).

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Foothill Church, Calvary Chapel Chino Hills, and Shepherd of the Hills Church (the "Churches") appeal the dismissal of their second amended complaint ("SAC") seeking relief against the Director of the California Department of Managed Health Care (the "Director). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's dismissal for failure to state a claim. *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). We affirm in part and vacate in part.

1. We affirm the dismissal of the Churches' Establishment Clause claim. The Knox-Keene Act and the Director's 2014 Letters do not create a "facial preference" among religions. *Hernandez v. Comm'r*, 490 U.S. 680, 695 (1989). On the face of the SAC, all religious organizations can obtain the same limitation on abortion coverage, and no organization can obtain the more extensive limitation the Churches seek. And although facial neutrality "is not determinative," *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 534 (1993), the Churches have not otherwise alleged a violation under the three-prong test in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). A rule does not violate the Establishment Clause "merely because it 'happens to coincide or harmonize with the tenets of some or all religions.'" *Bob Jones Univ. v. United States*, 461 U.S. 574, 604 n.30 (1983) (quoting *McGowan v. Maryland*, 366 U.S. 420, 442 (1961)).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**[1]

---

[1] We vacate and remand the Churches' Free Exercise and Equal Protection Clause claims in a concurrently filed order.

*Foothill Church v. Watanabe*, No. 19-15658

BRESS, Circuit Judge, concurring in part in the judgment and dissenting in part:

For the reasons set forth in my dissent from the court's order vacating and remanding the churches' Free Exercise Clause and Equal Protection Clause claims, I agree that the district court properly dismissed the churches' Establishment Clause claim.